■ Eugene T. Brousseau et al., Appellants, v Barton Mines Corporation et al., Respondents. [633 NYS2d 83] —Spain, J. Appeal from an order of the Supreme Court (Mycek, J.),

---

entered July 20, 1994 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint.

On February 15, 1988, plaintiff Eugene T. Brousseau (hereinafter plaintiff) was cross-country skiing at Highwinds Ski Touring Center (hereinafter Highwinds) in the Town of Johnsburg, Warren County. Plaintiff, an advanced skier with over 50 years of experience, was well acquainted with the terrain of Highwinds, having skied there three times during the previous winter. The trails at Highwinds were marked by signs and were regularly groomed and patrolled by members of Highwinds' ski patrol. Plaintiff had been provided with a map of the ski trails at Highwinds when he purchased his admission ticket on the date in question.

After more than an hour of skiing, plaintiff was returning to the ski lodge for lunch when he decided to leave the marked trail in order to take a shortcut across Highwinds' parking lot. The parking lot was not groomed for skiing and was not marked as a ski trail. Although plaintiff was aware that he would be traversing a parking lot and not a ski trail, and although he was equally aware that the gravel surface of the parking lot would be hazardous if not sufficiently covered by snow, plaintiff nonetheless elected to ski across it. Upon coming in contact with the surface of the parking lot, plaintiff fell, injuring his left shoulder and ribcage. Plaintiff subsequently brought this negligence action against defendants, as the owners and/or operators of Highwinds, while his spouse, plaintiff Alecia H. Brousseau, joined in the suit, seeking derivative damages. Supreme Court, concluding that plaintiff "assumed all risk", granted defendants' motion for summary judgment dismissing the complaint.

We affirm for reasons other than those stated by Supreme Court. In our view, defendants had no duty to maintain an adequate snow cover on their parking lot for the benefit of skiers who might choose to ski upon it. Quite the opposite, defendants' duty was to keep their parking lot free from hazards to motorists and pedestrians, including accumulations of snow. In the absence of a duty of care, there can be no negligence and, thus, no occasion to consider assumption of risk or other culpable conduct on the part of the injured party in diminution of damages (*see*, CPLR 1411, 1412; *Turcotte v Fell*, 68 NY2d 432, 437-439; *Akins v Glens Falls City School Dist.*, 53 NY2d 325, 333; *see also*, 1 NY PJI 2:55, at 152 [1995 Supp]).

Cardona, P. J., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, without costs.